IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

TELLUS OPERATING GROUP, LLC                                                               PLAINTIFF

VS.                                                                CIVIL ACTION NO. 2:04cv418-KS-MTP

R&D PIPE COMPANY, AND
SEPCO TUBULARS, INC.                                                                    DEFENDANTS

VS.

RAPAD DRILLING & WELL
SERVICE, INC.                                                              THIRD PARTY DEFENDANTS

## ORDER OVERRULING MOTION FOR
## JUDGMENT AS A MATTER OF LAW, ETC.

This cause is before the Court on Motion for Judgment pursuant to Fed. R. Civ. P. 50(b) or in the alternative, Motion for New Trial, filed by Defendants SEPCO Tubulars, Inc. and R&D Pipe Company, and the Court after considering the memoranda and authorities cited and being further advised in the premises finds that the motions should be **overruled** for the following reasons.

## FACTUAL BACKGROUND

Tellus Operating Group, LLC ("Tellus") brought a Complaint against R&D Pipe Company ("R&D") and SEPCO Tubulars, Inc., ("SEPCO") alleging that damages were caused by defective oil field pipe sold to Tellus by R&D. When the pipe failed it caused extensive damages to a gas well that was being drilled. Following extensive discovery and a multi week trial, a jury verdict was returned in favor of Tellus and against R&D and SEPCO.

1

## ANALYSIS

## GROUNDS ALLEGED BY MOVANT

*1.*

*The Court lacked personal jurisdiction over the Defendants.*

On July 19, 2005, this Court entered a Memorandum Opinion and Order denying a Motion to Dismiss filed by R&D and SEPCO pursuant to Fed. R. Civ. P. 12(b). In the motion R&D and SEPCO argued that this Court lacked personal jurisdiction. This Court cited numerous relevant authorities in its ruling. The analysis of the July 19, 2005, order will not be reiterated here. However, at the time of its original ruling this Court applied the standard established by the Fifth Circuit regarding factual conflicts when it stated, "conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiffs' failure for purposes of determining whether a *prima facie* case for personal jurisdiction exists." *Bullion v. Gillespie*, 895 F 2d 213, 217 (5th Cir. 1990)(internal citations omitted). The party who attempts to invoke the jurisdiction of the Court bears the burden of establishing a *prima facie* case of personal jurisdiction over the defendants. *D.J. Investments v. Metzler Motorcycle Tire Agent Greg, Inc.*, 754 F. 2d 545 (5th Circ. 1985). Consequently, the allegations in the plaintiffs' complaint were taken as true and "conflicts between the facts contained in the parties' affidavits must be resolved in plaintiffs' favor." *Id.* at 546. The Court found that Tellus established a *prima facie* case in its pleadings. Additionally, when the facts were resolved in favor of Tellus, the Court found that personal jurisdiction existed. Nothing that came out in the trial causes this Court to reconsider its original ruling. The basis for the Court's ruling was affirmed and even strengthened by the testimony and

evidence presented at trial. It was established that the pipe was defective, that R&D had significant contacts with Mississippi in pursuing its business here and that SEPCO clearly understood that the pipe was destined for Mississippi. The pipe also came from SEPCO's yard and that whether by manufacturing defect or mix up or other reasons, one joint of pipe sold by SEPCO did not meet the warranted specifications.

Pursuant to Mississippi Long Arm Statute (13-3-57) there are three prongs upon which jurisdiction can be established - "contract prong, tort prong or doing business prong." Tellus, in its brief points to a factual basis and legal authorities sufficient to find that each of the three prongs existed and jurisdiction proper in this Court. Therefore, following a review of the authorities and facts cited by Tellus, R&D and SEPCO, the Court finds that the Court had personal jurisdiction over the defendants and that there is no basis for defendants to question jurisdiction herein.

2.

*R&D and SEPCO urged the Court to grant a Motion for Judgment as a matter of law because there is no legally sufficient basis supporting the jury's verdict.*

There were four subparts which are as follows:

A. The jury was not properly presented with the issue of whether Defendants were negligent.

B. R&D did not materially breach its contract and, therefore, was entitled to payment for all conforming casing delivered to and used by Tellus.

C. Tellus failed to offer Defendants the opportunity to cure and, therefore, cannot

>   recover under its claims for breach of expressed or implied warranty.
>
> D.   Tellus failed to revoke acceptance and, therefore, could not recover for breach of expressed or implied warranty.

Rule 50 of the Fed. R. Civ. P. sets forth the standard for granting judgment as a matter of law.  According to 50(a), a court may grant judgment as a matter of law if there is "no legally sufficient basis for a reasonable jury to find for a party on an issue and the claim in question cannot, under controlling law be maintained.... without a favorable finding on that issue" Fed. R. Civ. P. 50(a).In determining whether to grant a motion, the Court is required to consider all of the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in favor of that party, and leave credibility determinations and the weighing of evidence to the jury. *Wise v. Kansas City Life Insurance Company*, 433 F. Supp. 2d 743, 748 N.D. (Miss. 2006). A Motion for Judgment as a matter of law should be granted "only when the facts and inferences point so strongly and overwhelmingly in favor of the moving party that reasonable jurors could not arrive at a contrary verdict." *Wise*, 433 F. Supp. 2d at 748; *Brown v. Mississippi Department of Health*, 206 W.L. 1806461, at *1 (S.D. Miss. June 29, 2006).

R&D and SEPCO urged that there was no basis for the jury to find negligence on their part.  However, one thing was agreed on by both sides, *i.e.* that the piece of pipe that failed was not T-110 grade pipe.  Both sides presented expert testimony that established that fact. While most special interrogatories were submitted to the jury on the issue of negligence, when all of the facts are taken in the light most favorable to Tellus, negligence could have occurred in either the distribution process or in many other ways.  Both sides presented multiple days of testimony on the issue of the pipe.  The other issues regarding the balance of the string that was collapsed in

the hole, warranties, etc., were fully litigated before the jury. The jury was properly instructed and the situational and commercial realities of the well location and the catastrophic and near fatal consequences of the casing failure removed this case from the ordinary commercial sales transaction where one or two of the "widgets" failed to conform, were rejected and the buyer subsequently gives the seller the opportunity to replace them.  Additionally, if the damaged pipe that remained in the hole had been paid for by Tellus, then the damages would have been increased by the amount that was paid and, based on the jury's findings, it would have been a "wash.".  If Tellus had paid more the verdict against R&D and SEPCO would have been increased by a like amount.  The verdict was to the penny what was proven by Tellus.

Both sides were well represented, had large litigation budgets and were able to present qualified expert and fact witnesses. The jury heard all of the testimony and found in favor of Tellus. This Court finds that the verdict was not against the overwhelming weight of the evidence.

*3.*

***R&D and SEPCO urged that the Court should grant a new trial because the jury's damage award was excessive; the jury was improperly instructed; and the verdict was against the weight of the evidence.***

There were four subparts as follows:

A. The fact finder was not given the proper duty of determining whether the product was defective for the product liability claim.

B. The jury's award of damages is excessive; the award is against the weight of

    evidence and fails to apply the doctrine of avoidable consequences.

  C. The jury instructions and special interrogatories taken as a whole gave the jury a misleading impression or inadequate understanding of the law and issues to be resolved.

  D. The Defendants were entitled to a spoilation instruction which denied the jury the opportunity to assess the impact of the missing data.

  The Court has reviewed the arguments and responses. The jury verdict must be given great deference. Both sides were given ample opportunity to present factual and expert evidence to the jury. This Court cannot say that under Rule 59 Fed. R. Civ. P. that the verdict is against the weight of the evidence, the damages are excessive, the trial was unfair or prejudicial error was committed during the course of the trial. Therefore, this Court finds that this portion of the motion should be **overruled.**

  *Movants allege that Tellus lacks standing for a full recovery.*

  R&D and SEPCO argue that Tellus did not have standing to bring this action.

  It was recognized during the trial that Tellus was the operator of the Frankie Smith No. 4 and was in charge of all operations on the site. While it is true that no evidence was introduced at trial showing that Tellus had authority to bring the lawsuit on behalf of the remaining interests owners, neither was it ever made an issue. Any proration of damage recovery would be between Tellus and the other interest owners. To require a remittitur of forty percent of the verdict would only require the other interest owners to turn around and file a suit for the recovery of the forty percent. This does not make good use of judicial resources in light of the fact that all issues were completely litigated in this trial and Defendants failed to raise any objection until this motion.

Considering all of the above, the Court finds that the [137] Motion should be and is hereby **overruled.**

SO ORDERED AND ADJUDGED on this the 13th day of December, 2006.

s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE