IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

TELLUS OPERATING GROUP, LLC                                             PLAINTIFF

VS.                                                         CIVIL ACTION NO. 2:04cv418-KS-MTP

R&D PIPE COMPANY, AND
SEPCO TUBULARS, INC.                                                    DEFENDANTS

## ORDER ON TAXATION OF COSTS

This cause is before the Court on [141] Tellus' ("Tellus") Motion to Tax Costs, [148] Response in Opposition to Motion to Tax Costs filed by R&D Pipe Company ("R&D") and SEPCO Tubulars, Inc.("SEPCO"), and the Court having reviewed the bill for costs and authorities cited does hereby find as follows, to-wit:

Rule 54 of the Federal Rules of Civil Procedure provides that the prevailing party shall be entitled to recover his costs. The Rule specifically states:

> Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys fees shall be allowed as of course to the prevailing party unless the court otherwise directs....  Rule 54(d)(1) Fed. R. Civ. P.

A prevailing plaintiff, in the discretion of the court, may be awarded its costs. The costs which can be imposed under Rule 54 are defined by 28 U.S.C. § 1920 which provides**:**

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) fees of the clerk and marshal;
>
> (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) fees and disbursements for printing and witnesses;

>(4) fees for exemplification and copies of papers necessarily obtained for use in the case;
>
>(5) docket fees under § 1923 of this title;
>
>(6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1928 of this title.

Tellus has submitted an original claim for $44,106.94, which was subsequently modified by supplemental exhibit to $43,619.16.  In their Response SEPCO and R&D questioned a number of charges.  This Court would point out to the parties that "court's are not accountants and [parties] should not be tagged with either costs or expense bills that are horseback estimates.  Those who are entitled to recover costs and expenses bear the burden of furnishing a reasonable accounting."  *Copper Liquor, Inc., v. Adolph Coors Company*, 684 F. 2d 1087, 1099 (5th Cir. 1982), overruled on other grounds*, International Woodworkers of America*, *AFL-CIO and its Local No. 5-376 v. Champion Intern. Corp.,* 790 F. 2d 1174 (5th Cir. 1986).  This Court will, of necessity, go through the fees and make findings regarding each one. Section 1920 enumerates different classes and this outline will be followed.

    A.    FEES OF THE CLERK

R&D and SEPCO do not challenge these costs as being recoverable.  Therefore Tellus will be allowed to recover $96 for the filing fee which was paid December 16, 2004, and $75 for service of process on SEPCO on January 12, 2005 for a total of clerk's fees recoverable of $171.

    B.    FEES OF THE COURT REPORTER

Tellus makes a substantial claim for court reporter fees.  These are in two categories.  First is for deposition expenses and the second is the cost of the daily transcript.

The cost of original depositions are usually recoverable by the prevailing party.  As the

Fifth Circuit has stated, "the more equitable as well as more practical view is to allow the recovery of such expense if the taking of the deposition is shown to have been reasonably necessary in the light of facts known to the counsel at the time it was taken." *Copper Liquor*, 684 F.2d at 1019. A separate panel of the Fifth Circuit has held that " the cost of the original deposition is taxable without any factual findings." *Studiengesellschaft Kohle mb H v. Eastman Kodak Company*, 713 F.2d, 128, 123 (5th Cir. 1993).

Section 1920 specifically provides for the recovery of costs for "any part of the stenographic transcript necessarily obtained for use in the case." The Fifth Circuit has held that, "costs relating to the taking of depositions and the copying of documents are allowed if the materials were necessarily obtained for use in the case." *Stearns Airport Equipment Co. , Inc. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999). Further, it is not required that a deposition actually be introduced in evidence for it to be necessary for a case - as long as there is a reasonable expectation that the deposition may be used for trial preparation, it may be included in costs." Id. citing *Fogleman v. ARAMCO*, 920 F.2d 278, 285-286 (5th Cir. 1991).

In its argument, Tellus seeks recovery for the depositions of Don Underwood taken April 18, 2005, and January 4, 2006, and of Tor Vatne taken April 27, 2005 and January 17, 2006, and recovery for the cost of the depositions of Mark Hardee and Joe Bigler taken May 25, 2006. Tellus further seeks recovery of the editing costs for the deposition of Bigler. Tellus' opposition is that the costs are inflated in that there was no need for two depositions for Underwood and Vatne, nor was there the need to take the deposition of Hardee. Further, the objection is that the editing should not have been done but the sound should have been muted since it was a video deposition.

Costs are not allowable for depositions used solely for investigation or discovery

purposes.  *Card v. State Farm Fire & Casualty Co.*, 126 FRD 658 (N.D. Miss. 1989) (citing *Walker v. Vordnik*, 115 FRD (S.D. Miss. 1986).  R&D and SEPCO do not argue that these depositions are unreasonable or unnecessary, nor do they argue that they were taken for discovery purposes.  R&D and SEPCO also argue that Hardee's deposition was taken because he would not have been available for trial and that the deposition was not used at trial.

It is not argued by defendants R&D and SEPCO that the depositions were taken solely for discovery or that the expense was incurred for some other reason other for preparation for trial in this case.  *Studiengesellschaft*, 713 F.2d 128, states that "the cost of the original deposition is taxable without factual findings."   The costs are well documented and it is unquestioned that these were taken as a result of this litigation.  Therefore, this court finds that the depositions were reasonable and should be reimbursed pursuant to  28 U.S.C. 1920.

A novel issue has been made regarding the editing expenses for the deposition of Mr. Bigler.  While the expense is significant, this court notes that Uniform Local Rule 30.1(E) explicitly provides that "video taped depositions shall be edited prior to trial as required by the Pretrial Order."  It was necessary to edit the deposition and while there may have been another way to accomplish this goal, Tellus chose to have it professionally edited and this court does not find the actions of Tellus in that regard unreasonable.  The charge is documented and is unquestionably for trial in this case and therefore the court finds that said fee is recoverable.

Therefore, this court finds that the following expenses should be taxed as costs:

1. Depositions of Ron and Tor Vatne: $901.35 and $936.90

2. Depositions of Mark Hardee and Joe Bigler: $2,509.00

3. Edit of deposition of Bigler: $1,690.28

    Total recoverable:  $6,037.53

Tellus also seeks to recover $6,498.80 for the cost of the trial transcript. Apparently both parties agreed that daily transcripts would be beneficial. This case is a complicated property damage case involving much technical and specialized testimony by expert witnesses. The total cost for the daily transcript was apparently $12,997.60. When R&D and SEPCO agreed to daily transcripts and to split the cost, it was an overt admission that daily transcripts were needed and advisable. There is significant precedent for assessing this as costs. See, *Holmes v. Sesson Aircraft Company*, 11 F.3d 63 (5th Cir. 1994), *Cleveland Area Board of Realtors v. City of Euclid,* 965 F.Supp. 1017 (N.D. Ohio, 1997).

Therefore, the deposition expenses and transcript fees totaling $12,536.33 should be assessed as costs to R&D and SEPCO.

   C. FEES AND DISBURSEMENTS FOR WITNESSES

Following objection by R&D and SEPCO alleging excess per diem expenses, the request was modified by Tellus to $2,135.88. Additionally, documentation was furnished. The witnesses whose expenses are sought are Samit Gokhale, Tom Wadsworth and Kevin Macumber. These witnesses showed up and testified, flying from Houston, Texas to Hattiesburg and being available for numerous days. This court finds that the travel expenses and witness fees sought are entirely reasonable and recoverable and this court finds that the defendant should pay fees of witnesses including necessary travel expenses of $2,135.88.

   D. FEES FOR EXEMPLIFICATION AND PHOTOCOPYING

An extremely large claim has been made by Tellus for photocopying and preparing exhibits including trial notebooks for each juror, the attorneys and for the court. The total requested is $28,775.95. Tellus has furnished copies of invoices for the copies made and these copies were unquestionably made for the trial of this case. Each juror had a notebook with the

exhibits that were being discussed by the witnesses. Many of the exhibits were in color and based on the amount of the bill were "top of the line." The notebooks were used extensively by the jury on a daily basis and during deliberations. The court and the attorneys also used the extensive notebooks. Applicable case law in this circuit supports reimbursement for such expenses. *Perez v. Pasadena Independent School District,* 165 F.3d 368 (5th Cir. 1999).

Money has been paid for exhibits that were reproduced solely for this trial. They were useful and helpful and well used. Section 1920(4), together with interpretive case law supports taxation of these costs. The question that this court asks itself is, "who should pay?" It is the finding of this court that the at-fault party should, and the court finds that $28,775.95 should be assessed for photocopying costs.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the plaintiff is entitled to a recovery of costs in the amount of $43,619.16, for all of which let execution issue.

SO ORDERED AND ADJUDGE on this the 13th day of December, 2006.

s/ *Keith Starrett*
UNITED STATES DISTRICT JUDGE